## ALMOND BREWER *vs.* SUMNER SIBLEY.

An objection to a writ, that it has not a proper seal, is waived, if not taken at the first term of the defendant's appearance. So of an objection to a writ, that the defendant is summoned " to answer to A. B. or his authorized attorney, C. D."

If objections to the mere form of an original writ can be taken by a defendant, on a writ of review sued out by him after he has been defaulted by mistake at the return term of the original writ, they must be taken at the return term of the writ of review, or they are waived.

Whether objections to the mere form of an original writ can be taken on a writ of review, *quære.*

THIS was a writ of review, brought by the defendant The original action was assumpsit on an account annexed to the writ, and was commenced in the court of common pleas. The original writ bore the seal of the supreme judicial court, and was made returnable to the court of common pleas, at the March term 1845, when and where the defendant was summoned, " to answer to Almond Brewer of Hardwick, or his authorized attorney, Hoffield Gould." The writ was duly served on the defendant, and was entered in said court at the return term, when the defendant was defaulted. At the June term of said court, in 1845, the defendant petitioned for a review or new trial, because he had been defaulted by mistake of his counsel. At a subsequent term, said court ordered a review of said action, and a writ of review issued. dated

February 23d 1846, returnable at the following June term of said court, at which term it was duly entered by the defendant, and was thence continued, from term to term, until December term 1846, when the defendant, after he had moved the court for an indorser of the original writ, filed a motion that the plaintiff's action might be dismissed, "because there is no sufficient writ issuing out of the office of the clerk of this court, as the law requires, as appears of record; and also because there is no sufficient description of the parties to said action, as appears of record."

The court dismissed the action, and the plaintiff alleged exceptions.

*Newton*, for the plaintiff.

*W. A. Bryant*, for the defendant.

DEWEY, J. The omission to affix a proper seal to a writ issuing from this court, is such error as will abate the writ, if the objection be properly taken. *Hall* v. *Jones*, 9 Pick. 446. But such objection must be taken at the first term of the appearance of the defendant. Although a seal is one of the requisites of a proper writ, yet the want of it will furnish no cause for a motion in arrest of judgment. *Foot* v. *Knowles*, 4 Met. 386. It is a mere defect in form, which, if relied upon, must be taken in due season; and if not thus taken, the exception is waived.

Assuming that objections of form were open to the defendant upon a writ of review, the present objection ought to have been taken at the return term of the writ of review, and not postponed to the third term. Taking the case in the most favorable view for the defendant, we think his motion to dismiss, for want of a proper seal, ought not to have been allowed.

The other ground for dismissal is also an objection to the form of the writ. The allegation that the defendant was summoned to answer to Almond Brewer, "or his authorized attorney, Hoffield Gould," was certainly a very irregular mode of stating the party plaintiff. But these last words may, we think, be treated as surplusage, and the proceeding be

considered as instituted solely in the name of Almond Brewer. It was so treated by the defendant, in his petition for a review But if otherwise, yet the objection was too late.- *Simonds* v. *Parker*, 1 Met. 508. *Carpenter* v. *Aldrich*, 3 Met. 58.

We have also doubts whether, upon a writ of review, any merely formal objections to the original writ are open to the party suing out such writ of review. If authorized only by an application to the court, as would be the more ordinary course, and as was the case here, the foundation for the application for a review would be, that the party had a substantial defence, upon the merits, of which he had been deprived by some casualty. It would seem to be quite reasonable, in such case, to restrict the defence to the merits, and not allow the party to quash the writ for defects of form. But, without expressing a more decided opinion upon this latter point, we think the motion to dismiss ought not to have prevailed. The exceptions are sustained, and the case is to be remitted to the court of common pleas.